UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

HEATHER SNOOK,
    Plaintiff,

 -vs-                                    Case No.
                                         Hon.

LVNV FUNDING LLC,
SHERMAN FINANCIAL GROUP LLC,
RESURGENT CAPITAL SERVICES, LP
CENTRAL PORTFOLIO CONTROL, INC.,
RICHARD J. BOUDREAU & ASSOCIATES, LLC,
    Defendants.

## COMPLAINT & JURY DEMAND

*Heather Snook states the following claims for relief:*

### Jurisdiction

1. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Heather Snook who resides in West Bloomfield, Michigan.

4. The Defendants to this lawsuit are as follows:

    a. LVNV Funding LLC ("LVNV") which is a corporation doing business in Michigan

    b. Sherman Financial Group LLC ("Sherman"), which is a corporation doing business in Michigan.

    c.    Resurgent Capital Services, LP ("Resurgent") which is a corporation doing business in Michigan.

    d.    Central Portfolio Control, Inc. ("CPC") which is a corporation doing business in Michigan.

    e.    Richard J. Boudreau & Associates, LLC ("Boudreau") which is a limited liability corporation doing business in Michigan.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Oakland County.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. In early 2011, HSBC/Best Buy began billing Heather Snook for almost $3,000 on a Best Buy credit account ("account").

8. Mrs. Snook did not open the Best Buy account, authorize the opening of the account, agree to pay the account and was not the obligor on the account.

9. In June 2011, Mrs. Snook disputed the account to HSBC telling the bank that it was not her account and they should stop billing her.

10. HSBC received Mrs. Snook's dispute.

11. Even though it was not Mrs. Snook's account, HSBC continued to bill Mrs. Snook and demand that she pay more than $3,000.00.

12. In a letter dated September 27, 2011, and titled NOTICE OF RIGHT TO CURE, HSBC claimed that Mrs. Snook was in default on the account and that she had 20 days to pay the full amount due.

13. In November, Mrs. Snook made a written dispute of the debt to HSBC.

14. In November 2011, HSBC sold the account to LVNV, which is one of the nation's largest buyers and resellers of defaulted debt.

15. Sherman Financial and Resurgent are joint operators with and/or subsidiaries of LVNV in the collection of defaulted debt and will be referred to collectively with LVNV as LVNV.

16. LVNV was the owner of the account for all periods of time relevant to this complaint and principal actor in relation to the various agents it assigned the account for collection including Sherman and Resurgent, CPC and Boudreau.

17. LVNV transferred or assigned the account to the debt collector CPC for collection.

18. CPC sent Mrs. Snook a letter demand for payment on the account.

19. In the letter, CPC stated that Mrs. Snook owed the HSBC/Best Buy account in an amount in excess of $3,000.00.

20. CPC's statement that Mrs. Snook was obligated on the account and that she owed in excess of $3,000.00 were false, deceptive and misleading in violation of § 1692e of the FDCPA.

21. CPC also telephoned Mrs. Snook's home on multiple occasions.

22. CPC's call was answered by Mrs. Snook's husband, Dave Snook.

23. In the call, CPC stated that Mrs. Snook was obligated on the account in excess of $3,000.00 and demanded payment account.

24. These statements were false, deceptive and misleading in violation of § 1692e of the FDCPA.

25. The amounts CPC sought to collect was not an amount that was expressly authorized by agreement or an amount authorized by law.

26. CPC's debt collector and agent also told Mr. Snook that he was an attorney.

27. CPC's debt collector was not an attorney.

28. That statement was false and misleading and made to place undue pressure on Mrs. Snook to pay a debt she does not owe, in violation of § 1692d, e and f of the FDCPA.

29. Mrs. Snook was forced to obtain the services of an attorney to handle the wrongful collection of the Best Buy account.

30. In early December, Mrs. Snook made no less than two written disputes to CPC through her attorney and family friend, Kirk J. Anderson.

31. In those dispute letters, Mrs. Snook demanded that it stop telephoning her and that all communications be made in writing or to her attorney.

32. Mrs. Snook also requested that CPC provide verification of the debt, including any alleged credit application, account statements to her and payments.

33. CPC received the dispute and request for verification.

34. Attorney Anderson made several phone calls to CPC in an effort to get the problem resolved for Mrs. Snook.

35. CPC did not provide any documents to Mrs. Snook to verify its claim that she owed the account.

36. CPC did not have any documents to verify its claim.

37. CPC transferred the account back to LVNV.

38. CPC did not communicate to LVNV that the account was disputed; alternatively, CPC did communicate to LVNV that the account was disputed.

39. LVNV received the returned account from CPC.

40. LVNV knew or should have known that the account was disputed.

41. LVNV transferred the account to its attorney's office, Richard Boudreau & Associates, LLC, Attorneys at Law, for collection.

42. LVNV transferred the account knowing that the information was false in violation of § 1692e(8).

43. LVNV transferred the account without conveying that the account was disputed in violation of § 1692e(8); alternatively, LVNV transferred the account with a notation that the account was disputed.

44. Boudreau then began seeking collection of the account from Mrs. Snook.

45. Boudreau telephoned her on multiple occasions in December 2011 and in January 2012.

46. In a letter dated December 22, 2011, sent Mrs. Snook a letter stating that she owed the Best Buy account in the amount of $3,174.12.

47. These statements were false, deceptive and misleading in violation of § 1692e and f of the FDCPA.

48. On January 2, 2012, Mrs. Snook disputed the debt to Boudreau and demanded that it provide verification of the debt.

49. Boudreau has not provided any verification to Mrs. Snook that she is the obligor on the account.

50. Boudreau does not have any documents to verify its claim that Mrs. Snook owes the account.

51. Boudreau maintains the account in its system as a defaulted HSBC/Best Buy account to be collected from Mrs. Snook.

52. CPC and Boudreau pulled Mrs. Snook's credit report.

53. These inquiries are displayed on Mrs. Snook's credit report and harm her credit standing.

## COUNT I – Fair Debt Collection Practices Act (LVNV )

54. Mrs. Snook incorporates the preceding allegations by reference.

55. At all relevant times LVNV – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

56. LVNV is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

57. At all times relevant to this complaint, LVNV, Resurgent and Sherman sought to collect a "consumer" debt from Mrs. Snook.

58. LVNV's actions to collect this alleged debt from Mrs. Snook violated the provisions of the FDCPA including, but not limited to: §1692e, e(2), e(8), e(10), f, f(1).

59. LVNV, as the principal debt collector, is liable for all the actions of its agent debt collector Resurgent for violations of the FDCPA as set forth below, including, but not limited to: §1692e, e(2), e(8), e(10), f, f(1).

60. Defendant LVNV, as the principal debt collector, is liable for all the actions of its agent debt collector Sherman, for violations of the FDCPA, including, but not limited to: §1692e, e(2), e(8), e(10), f, f(1).

61. Defendant LVNV, as the principal debt collector, is liable for all the actions of its agent debt collector CPC, for violations of the FDCPA as set forth below, including, but not limited to: §1692d, d(6), e, e(2), e(8), e(10), f, f(1).

62. Defendant LVNV, as the principal debt collector, is liable for all the actions of its agent debt collector Boudreau, for violations of the FDCPA as set forth below, including, but not

limited to:§1692 d, d(6), e, e(2), e(8), e(10), f, f(1).

63. Mrs. Snook has suffered damages as a result of these violations of the FDCPA.

## **COUNT II – Fair Debt Collection Practices Act (Sherman)**

64. Mrs. Snook incorporates the preceding allegations by reference.

65. At all relevant times Sherman– in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

66. Sherman is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

67. At all times relevant to this complaint, Sherman sought to collect a "consumer" debt from Mrs. Snook.

68. Shermans actions to collect this alleged debt from Mrs. Snook violated the provisions of the FDCPA including, but not limited to: §1692e, e(2), e(8), e(10), f, f(1).

## **COUNT III – Fair Debt Collection Practices Act (Resurgent)**

69. Mrs. Snook incorporates the preceding allegations by reference.

70. At all relevant times Resurgent– in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

71. Resurgent is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

72. At all times relevant to this complaint, Resurgent sought to collect a "consumer" debt from Mrs. Snook.

73. Resurgent's actions to collect this alleged debt from Mrs. Snook violated the provisions of the FDCPA including, but not limited to: §1692e, e(2), e(8), e(10), f, f(1).

## COUNT IV – Michigan Occupational Code (LVNV, Sherman, Resurgent) as alternative to claims under the Michigan Collection Practices Act

74. Mrs. Snook incorporates the preceding allegations by reference.

75. LVNV is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

76. Sherman is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

77. Resurgent is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

78. Mrs. Snook is a debtor as that term is defined in M.C.L. § 339.901(f).

79. Defendants' foregoing acts in attempting to collect this alleged debt against Mrs. Snook constitute violations of the MOC including but not limited to the following § 339.915 (a), (e), (f) and (q).

80. Mrs. Snook has suffered damages as a result of these violations of the MOC

81. These violations of the MOC were willful.


## COUNT V – Michigan Collection Practices Act (LVNV, Sherman, Resurgent) as alternative to claims under the Michigan Occupational Code

82. Mrs. Snook incorporates the preceding allegations by reference.

83. LVNV is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

84. Sherman is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

85. Resurgent is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

86. LVNV, Sherman and Resurgent's foregoing acts in attempting to collect this alleged debt against Ms. Snook constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* including, but are not limited to, § 445.252 (a), (e), (f) and (q)

87. Mrs. Snook has suffered damages as a result of these violations of the MCPA.

88. These violations of the MCPA were willful.

### **COUNT VI – Request for Declaratory Relief (LVNV, Sherman, Resurgent)**

89. Mrs. Snook incorporates the preceding allegations by reference.

90. Mrs. Snook did not open the account or authorize the opening of the account and was never issued a credit card.

91. Mrs. Snook disputed the account to HSBC as soon as it began billing her for the account.

92. Notwithstanding these facts, this account has been reported by HSBC as a defaulted account and sold to LVNV who has transferred it to no less than two different debt collectors.

93. It is a common industry practice within the credit industry for debt collectors and credit companies to sell or transfer accounts which cannot lawfully be enforced, thus requiring consumers like Mrs. Snook to repeatedly defend against non-judicial collection efforts and adverse credit reporting which can only be remedied after months – sometimes years – of credit disputes.

94. Consequently, consumers like Mrs. Snook may be subjected to repeated collection and/or credit reporting which damage her ability to obtain, credit, insurance or employment based upon a fraudulent account.

95. In the current economic environment, job and credit opportunities are scarce and cannot be easily replaced.

96. Mrs. Snook has no way of knowing when, where, or why the account in question may be transferred to another debt collector, or returned to LVNV or reported as an adverse account on her credit report. Likewise, even in the absence of current efforts to collect, she has no way of knowing when or where any other company may appear and demand payment on this bogus account.

97. Similarly, Mrs. Snook has no way of knowing whether she will continue to be employed or have the need for credit, either as a matter of convenience or as a matter of necessity (as by medical need).

98. To the extent that potential creditors, employers, insurers, and other businesses rely on consumer reports, the potential for harm from the account is great.

99. Neither HSBC or LVNV has brought suit on this bogus account.

100. In the absence of an affirmative suit in which Mrs. Snook could obtain an adjudication of her rights, the only conceivable means by which Mrs. Snook can obtain proof that she does not owe this debt is through a declaration of her rights by this Court in relation to this account, as against all the known parties of interest.

101. Because Mrs. Snook cannot prevent the further transfer, sale, collection or reporting of the account, a declaration that she does not lawfully owe this debt is the sole means by which she can effectively avert further harm to her reputation, employment opportunities and ability to secure credit.

102. A declaratory judgment is necessary for Mrs. Snook to clarify and settle the legal relations

at issue concerning this bogus account, and provide relief from the Damoclean uncertainty which arises from this controversy.

103. Mrs. Snook requests that this Court declare her rights as against LVNV, Resurgent and Sherman.

104. Declaratory relief is available to litigants under the Declaratory Judgment Act, 28 U.S.C. § 2201 and F.R.Civ.P. 57.

105. Likewise, such relief is also available under Michigan common law, Michigan statute, and the Michigan Court MCR 2.605.

## COUNT VII – Fair Debt Collection Practices Act (CPC)

106. Mrs. Snook incorporates the preceding allegations by reference.

107. At all relevant times CPC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

108. CPC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

109. At all times relevant to this complaint, CPC sought to collect a "consumer" debt from Mrs. Snook.

110. CPC actions to collect this alleged debt from Mrs. Snook violated the provisions of the FDCPA including, but not limited to §1692d, d(6), e, e(2), e(8), e(10), f, f(1).

111. Mrs. Snook has suffered damages as a result of these violations of the FDCPA.

## COUNT VIII – Michigan Occupational Code (CPC) as alternative to claims under the Michigan Collection Practices Act

112. Mrs. Snook incorporates the preceding allegations by reference.

113. CPC is a "collection agency" as that term is defined in the Michigan Occupational Code

("MOC"), M.C.L. § 339.901(b).

114. Mrs. Snook is a debtor as that term is defined in M.C.L. § 339.901(f).

115. CPC's foregoing acts in attempting to collect this alleged debt against Mrs. Snook constitute violations of the MOC including but not limited to § 339.915(a), (e), (f) and (q).

116. Mrs. Snook has suffered damages as a result of these violations of the MOC

117. These violations of the MOC were willful.

### COUNT IX– Michigan Collection Practices Act (CPC)as alternative to claims under the Michigan Occupational Code

118. Mrs. Snook incorporates the preceding allegations by reference.

119. CPC is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

120. CPC's foregoing acts in attempting to collect this alleged debt against Mrs. Snook constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* including, but are not limited to § 445.252(a), (e), (f) & (q).

121. Mrs. Snook has suffered damages as a result of these violations of the MCPA.

122. These violations of the MCPA were willful.

### COUNT X – Fair Debt Collection Practices Act (Boudreau)

123. Mrs. Snook incorporates the preceding allegations by reference.

124. At all relevant times Boudreau – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

125. Boudreau is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

126. At all times relevant to this complaint, Boudreau sought to collect a "consumer" debt from

Mrs. Snook.

127. Boudreau actions to collect this alleged debt from Mrs. Snook violated the provisions of the FDCPA including, but not limited to §1692 d, d(6), e, e(2), e(8), e(10), f, f(1).

128. Mrs. Snook has suffered damages as a result of these violations of the FDCPA.

### COUNT XI – Michigan Occupational Code (Boudreau) as alternative to claims under the Michigan Collection Practices Act

129. Mrs. Snook incorporates the preceding allegations by reference.

130. Boudreau is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

131. Mrs. Snook is a debtor as that term is defined in M.C.L. § 339.901(f).

132. Boudreau's foregoing acts in attempting to collect this alleged debt against Mrs. Snook constitute violations of the MOC including but not limited to § 339.901(a), (e), (f) & (q).

133. Mrs. Snook has suffered damages as a result of these violations of the MOC

134. These violations of the MOC were willful.

### COUNT XII – Michigan Collection Practices Act (Boudreau) as alternative to claims under the Michigan Occupational Code

135. Mrs. Snook incorporates the preceding allegations by reference.

136. Boudreau is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

137. Boudreau's foregoing acts in attempting to collect this alleged debt against Mrs. Snook constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* including, but are not limited to § 445.252(a), (e), (f) & (q).

138. Mrs. Snook has suffered damages as a result of these violations of the MCPA.

139. These violations of the MCPA were willful.

## Demand for Jury Trial

140. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

141. *Accordingly, Mrs. Snook requests that the Court grant:*

   a. *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed and an injunction prohibiting further collection of those amounts.*

   b. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   c. *Statutory damages.*

   d. *Treble damages.*

   e. *Statutory costs and attorney fees.*

Respectfully Submitted,

By: s/ Julie A. Petrik
Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Heather Snook
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

Dated: March 22, 2012