IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER SNOOK,

    Plaintiff,                              COURT FILE NO. 2:12-cv-11294-JAC-LJM

v.

LVNV FUNDING, LLC *et al.*,

    Defendant.

_____/

**<u>JOINT ANSWER OF DEFENDANTS LVNV FUNDING LLC, SHERMAN FINANCIAL GROUP LLC, AND RESURGENT CAPITAL SERVICES, LP</u>**

    Defendants LVNV Funding LLC ("LVNV"), Sherman Financial Group LLC ("SFG") and Resurgent Capital Services, LP ("RCS") (collectively "LVNV Defendants") as and for their Joint Answer to the Complaint of Heather Snook ("Plaintiff"), in the above-entitled matter, deny each and every allegation contained therein, unless otherwise admitted or qualified herein, and state and allege as follows:

    1.    LVNV Defendants admit that the statutes referenced confer jurisdiction upon this Honorable Court but deny that they violated any law to subject it to said jurisdiction.

    2.    LVNV Defendants admit the allegations.

    3.    LVNV Defendants admit the allegations, upon information and belief.

2011322v1

4.     LVNV Defendants admit the entities listed are defendants in this matter, but has insufficient information and knowledge to admit or deny that any of the entities transact business in Michigan.

5.     LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

6.     LVNV Defendants admit that venue is proper in this district, but denies that it violated any law.

7.     LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

8.     LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

9.     LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

10.    LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

11.    LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

12.    LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

13.    LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

14. LVNV Defendants deny that LVNV purchased Plaintiff's account from HSBC, but admit that LVNV did acquire the account.

15. LVNV Defendants denies the allegations.

16. LVNV Defendants admit that LVNV owned the account while the account was placed with CPC and Boudreau.

17. LVNV Defendants state that Resurgent placed the account with CPC and deny all allegations inconsistent with this statement.

18. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

19. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

20. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

21. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

22. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

23. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

24. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

2011322v1

25. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

26. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

27. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

28. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

29. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

30. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

31. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

32. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

33. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

34. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

35. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

2011322v1

36. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

37. LVNV Defendants admit the account was returned to Resurgent but deny all allegations inconsistent with this statement.

38. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

39. LVNV Defendants state that Resurgent received the account and deny all allegations inconsistent with this statement.

40. LVNV Defendants deny the allegations.

41. LVNV Defendants state that Resurgent placed the account with Boudreau and denies all allegations inconsistent with this statement.

42. LVNV Defendants deny the allegations.

43. LVNV Defendants deny the allegations.

44. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

45. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

46. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

47. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

48. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

49. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

50. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

51. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

52. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

53. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

54. LVNV Defendants adopt by reference paragraphs 1 through 53 of this Answer as though fully set forth herein.

55. LVNV Defendants deny the allegations.

56. LVNV Defendants deny the allegations.

57. LVNV Defendants deny the allegations.

58. LVNV Defendants deny the allegations.

59. LVNV Defendants deny the allegations.

60. LVNV Defendants deny the allegations.

61. LVNV Defendants deny the allegations.

62. LVNV Defendants deny the allegations.

2011322v1

63. LVNV Defendants deny the allegations.

64. LVNV Defendants adopt by reference paragraphs 1 through 63 of this Answer as though fully set forth herein.

65. LVNV Defendants deny the allegations.

66. LVNV Defendants deny the allegations.

67. LVNV Defendants deny the allegations.

68. LVNV Defendants deny the allegations.

69. LVNV Defendants adopt by reference paragraphs 1 through 68 of this Answer as though fully set forth herein.

70. LVNV Defendants admit the allegations.

71. LVNV Defendants admit that at times Resurgent is a "debt collector" as defined by the FDCPA, but have insufficient information and knowledge to either admit or deny that Resurgent was a "debt collector" in this instance.

72. LVNV Defendants deny the allegations.

73. LVNV Defendants deny the allegations.

74. LVNV Defendants adopt by reference paragraphs 1 through 73 of this Answer as though fully set forth herein.

75. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

76. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

2011322v1

77. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

78. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

79. LVNV Defendants deny the allegations.

80. LVNV Defendants deny the allegations.

81. LVNV Defendants deny the allegations.

82. LVNV Defendants adopt by reference paragraphs 1 through 81 of this Answer as though fully set forth herein.

83. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

84. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

85. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

86. LVNV Defendants deny the allegations.

87. LVNV Defendants deny the allegations.

88. LVNV Defendants deny the allegations.

89. LVNV Defendants adopt by reference paragraphs 1 through 88 of this Answer as though fully set forth herein.

90. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

91. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

92. LVNV Defendants admit that the account was acquired by LVNV but have insufficient information and knowledge to admit or deny the remaining allegations.

93. LVNV Defendants deny the allegations.

94. LVNV Defendants deny the allegations.

95. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

96. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

97. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

98. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

99. LVNV Defendants admit that none of them have brought suit against Plaintiff but have insufficient information and knowledge to admit or deny the remaining allegations.

100. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

101. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

102. LVNV Defendants deny the allegation.

103. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

104. LVNV Defendants deny the allegations.

105. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

106. LVNV Defendants adopt by reference paragraphs 1 through 105 of this Answer as though fully set forth herein.

107. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

108. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

109. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

110. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

111. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

112. LVNV Defendants adopt by reference paragraphs 1 through 111 of this Answer as though fully set forth herein.

113. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

114. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

115. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

116. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

117. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

118. LVNV Defendants adopt by reference paragraphs 1 through 117 of this Answer as though fully set forth herein.

119. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

120. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

121. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

122. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

123. LVNV Defendants adopt by reference paragraphs 1 through 122 of this Answer as though fully set forth herein.

124. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

125. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

126. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

127. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

128. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

129. LVNV Defendants adopt by reference paragraphs 1 through 128 of this Answer as though fully set forth herein.

130. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

131. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

132. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

133. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

134. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

135. LVNV Defendants adopt by reference paragraphs 1 through 134 of this Answer as though fully set forth herein.

136. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

137. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

138. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

139. LVNV Defendants have insufficient information and knowledge to admit or deny the allegations.

140. LVNV Defendants admit the allegations.

141. LVNV Defendants admit that Plaintiff requests the relief sought, but denies that Plaintiff is entitled to any such relief.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### **SECOND DEFENSE**

Any violation of the Fair Debt Collection Practices Act by CPC, which LVNV Defendants deny, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Plaintiff suffered no damage from the alleged violations by LVNV Defendants and therefore is not entitled to any award of damages, attorney fees or costs.

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of LVNV Defendants.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV Defendants deny, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against LVNV Defendants.

### SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief.

**WHEREFORE,** LVNV Defendants pray for an order and judgment of this Court in their favor against Plaintiff as follows:

1. Dismissing all causes of action against LVNV Defendants with prejudice and on the merits; and,

2. Awarding LVNV Defendants such other and further relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MOSS & BARNETT, P.A |
| Dated: May 11, 2012 | s/ Michael S. Poncin<br>Michael S. Poncin, Esq. (MN 296417)<br>Appearing pursuant to Local Rule 83.20(e)<br>4800 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402<br>Telephone:  (612) 877-5000<br>Facsimile:  (612) 877-5999<br>E-mail:  PoncinM@moss-barnett.com |
|  | STEVEN A. SIMAN, P.C.<br>Steven A. Siman, Esq. (P20480)<br>3250 W. Big Beaver, Suite 344<br>Troy, MI 48084-2902<br>Telephone:  (248) 643-4700<br>E-mail:  sas@simanlaw.net |
|  | **Attorneys for Defendants** |

2011322v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2012, I caused the **Joint Answer of Defendants LVNV Funding LLC, Sherman Financial Group, LLC, and Resurgent Capital Services, LP** to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Julie A. Petrik, Esq., Lyngklip & Associates, Consumer Law Center, PLC, 24500 Northwestern Hwy., Suite 206, Southfield, MI 48075, E-mail: JuliePetrik@Att.Net.

MOSS & BARNETT
A Professional Association

By s/ Michael S. Poncin
Michael S. Poncin (MN 0296417)*
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402-4129
Telephone: (612) 877-5000
E-Mail: PoncinM@moss-barnett.com
*Appearing pursuant to L.R. 83.20(e)

ATTORNEYS FOR DEFENDANT

2011322v1